# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| LEE H. CHARLES and CORINE A. CHARLES, | ) | Case No. 1:17cv03622 |
| | ) | |
| Plaintiffs, | ) | Judge Frederick J. Kapala |
| | ) | |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, and NAU COUNTRY INSURANCE COMPANY, a division of QBE Insurance Group, Ltd., an Australian corporation, | ) ) ) ) ) | **DEFENDANT NAU COUNTRY INSURANCE COMPANY'S ANSWER TO THE AMENDED COMPLAINT AND CROSS-CLAIM** |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant, NAU Country Insurance Company ("NAU"), and hereby submits its Answer to Plaintiffs Lee H. Charles and Corine A. Charles' Amended Complaint (the "Complaint") (Doc. No. 37) as follows:

1. **Allegation**: Plaintiffs are engaged in farming; they jointly own and farm land located in Jo Daviess and Carroll Counties in Illinois.

**Response**: NAU admits the allegations in paragraph 1 of the Complaint.

2. **Allegation**: Defendant Great American Insurance Company, an Ohio corporation, ("Great American") is an insurance company which is in the business of writing and administering crop insurance. It is the successor in interest to Farmers Crop Insurance Alliance, Inc. (Farmers Crop).

**Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3.    **Allegation**:    Defendant NAU Country Insurance Company (NAU) is a division of QBE Insurance Group, Ltd., an Australian corporation, and is in the business of writing and administering crop insurance.

**Response**:    AU admits the allegations in paragraph 3 of the Complaint.

4.    **Allegation**:    In 2005, Plaintiffs suffered crop loss, and plaintiff Lee Charles submitted a claim to their then-crop insurance company, Farmers Crop, which adjusted and paid the claim.

**Response**:    NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5.    **Allegation**:    In 2010, an audit of the 2005 claim was conducted, and defendant Great American sent its own adjusters to obtain further information for submission to the USDA.

**Response**:    NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the same.

6.    **Allegation**:    The USDA, based upon defendant's submission, and without input from plaintiffs, determined that the claim had been overpaid in the amount of $30,198.00.

**Response**:    NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.    **Allegation**:    According to federal regulations, a producer who is indebted on crop insurance, whether for premiums or otherwise, is ineligible to participate in government programs, including crop insurance, until the debt is paid or otherwise discharged, all as more fully appears at 7 CFR 400.679.

**Response**:     Paragraph 7 of the Complaint states a legal conclusion to which no response is required; however, to the extent a response is required, plaintiff denies any and all allegations inconsistent with federal regulations or 7 CFR 400.679.

**8.     Allegation**:     Defendant Great American then demanded payment from plaintiffs and submitted Lee's name to the USDA to be placed on the ineligible list, which rendered plaintiffs ineligible to participate in government programs, including crop insurance, as more fully appears below.

**Response**:     NAU admits that plaintiffs were placed on the USDA's ineligible list which rendered them ineligible to participate in government programs, including crop insurance, but denies the remaining allegations for lack of knowledge.

**9.     Allegation**:     Plaintiffs promptly sought arbitration pursuant to the policy, and that matter was submitted to arbitration. On July 22, 2010, the arbitrator handed down his award in the amount of $22,350.00 in favor of defendant Great American.

**Response**:     NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

**10.     Allegation**:     The arbitrator did not comprehend the evidence, and he issued a decision which was void, in that he, inter alia, failed to set out the findings of fact upon which the award was founded. Rather, he simply awarded Great American the sum of $22,350.00.

**Response**:     NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the same.

**11.     Allegation**:     Although plaintiffs sought clarification of the award, defendant Great American insisted that the arbitrator had no authority to modify the award, and although

the award was subsequently amended at the behest of defendant, it still fell short of the required detail needed.

**Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. **Allegation**: Defendant Great American then sued plaintiff Lee Charles in the Carroll County, Illinois Circuit Court, first on the contract and then on the arbitration award, and the court entered summary judgment in favor of plaintiff Lee Charles, all as more fully appears in case 2012-LM-7.

**Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13. **Allegation**: **Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies the same.

**Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the same.

**Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

**Response**: NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

**Response**: NAU admits that Exhibits A and B attached to the Complaint speak for themselves, but deny the remaining allegations in paragraph 17 for lack of knowledge.

4

**Response**:     NAU admits that Exhibit C attached to the Complaint speaks for itself, but deny the remaining allegations in paragraph 18 for lack of knowledge.

**Response**:     NAU admits that plaintiffs became eligible for crop insurance at some point, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore denies the same.

**Response**:     NAU admits that plaintiffs became eligible for crop insurance at some point, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies the same.

**Response**:     NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies the same.

**Response**:     NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies the same.

**23.     Allegation**:     Plaintiffs expected to obtain crop insurance from NAU for crop years 2011 to 2015, as they had in crop years 2007 to 2009, until the audit. They have submitted crop insurance applications to NAU every year since 2006.

**Response**:     NAU denies that Plaintiffs expected to obtain crop insurance from NAU for crop years 2011 to 2015, for lack of knowledge sufficient to form a belief as to the truth thereof.  NAU (admits/denies) that plaintiffs had crop insurance in years 2007 to 2009, until the audit.  NAU (admits/denies) that plaintiffs have submitted crop insurance applications to NAU every year since 2006.

**24.     Allegation**:     Defendant placed plaintiffs on the USDA's list of farmers who are ineligible to receive crop insurance, with full knowledge that arbitration was taking place, the

5

result of which was as yet unknown. This made plaintiffs ineligible to receive crop insurance and this unable to obtain insurance from NAU during the arbitration and collection process.

**Response**:     NAU admits that plaintiffs were placed on the USDA's list of farmers who are ineligible to receive crop insurance which made them ineligible to receive crop insurance from NAU, but denies the remaining allegations in said paragraph for lack of knowledge.

**25.     Allegation**:     Because their crops were uninsured, plaintiffs were unable to receive $439,525.40 in indemnity which would have been due and owing under NAU's policies for crop losses in crop years 2012 to 2015.

**Response**:     NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies the same.

## COUNT I – TORTIOUS INTERFERENCE WITH
## PROSPECTIVE BUSINESS ADVANTAGE
### (Great American Insurance Company)

**Unnumbered Paragraph, Allegations**: 1-25. Plaintiffs re-allege paragraphs 1 through 25 as if fully stated herein.

**Response**:    NAU restates its responses to the foregoing paragraphs of the Complaint as if fully rewritten herein.  All other allegations not specifically admitted or denied above are hereby expressly denied.

**26.    Allegation**:    Plaintiff expected to continue its insurance relationship with NAU as it had for crop years 2007, 2008 and 2009. Furthermore, after receiving all subsequent applications during the period the plaintiffs were ineligible, at no time did NAU express that it would be unwilling to insure plaintiffs if they were eligible.

**Response**:    NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies the same.

**27.    Allegation**:    Defendant Great American was aware that plaintiff would seek crop insurance and was aware of plaintiffs' relationship with NAU. Defendant knew that the arbitration award establishing the debt was void ab initio, they admitted to the RMA that placing plaintiffs on the ineligible [list] was "in error," and when plaintiff was reinstated defendant concealed that fact from plaintiff and his crop insurance agent.

**Response**:    NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies the same.

**28.    Allegation**:    Because defendant placed plaintiff on the ineligible list they were ineligible to obtain crop insurance policies and they suffered damage of $372,648.40.

7

**Response**:    NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies the same.

**Unnumbered Paragraph, Allegation**: WHEREFORE, plaintiffs pray the court for judgment against defendant Great American in the amount of $372,648.40 and the costs of this action.

**Response**:    Count I does not require a response from NAU, but to the extent a response is required, NAU lacks knowledge sufficient to form a belief as to the truth of the allegations in this prayer for relief and therefore denies the same.

**COUNT II – MANDATORY INJUNCTION**
**(NAU)**

**Unnumbered Paragraph, Allegation**:    In the alternative to Count I, Plaintiffs re-allege paragraphs 1 through 25 as if fully stated herein.

**Response**:    NAU restates its responses to the foregoing paragraphs of the Complaint as if fully rewritten herein.  All other allegations not specifically admitted or denied above are hereby expressly denied.

**29.    (Second paragraph numbered 26 in the Complaint), Allegation**:    Now that plaintiffs are reinstated as to eligibility, which reinstatement is retroactive to the date of ineligibility, (7 CFR 400-685 (b)), their applications for the years of ineligibility should be processed, and plaintiffs should be allowed to file claims accordingly.

**Response**:    For its response to the second paragraph numbered 26 in the Complaint, NAU denies said paragraph.

**Unnumbered Paragraph, Allegation**:       WHEREFORE, in the alternative to Count I, defendant NAU should be ordered to act on plaintiffs' applications for prior crop years to issue the policies, and to adjust and pay the claims filed by plaintiffs.

**Response**:       NAU denies all allegations in Plaintiffs' prayer for relief as to Count II.

**30.**       NAU denies all other allegations in the Complaint not specifically admitted in the foregoing responses set forth above.

## AFFIRMATIVE DEFENSES

1.       Plaintiffs' Complaint fails to state a claim against NAU upon which relief can be granted and should therefore be dismissed.

2.       Plaintiffs cannot establish that they, individually or together, had a reasonable expectation of entering into a contract for a federal crop insurance policy with NAU during all times relevant to this litigation. See 7 CFR Part 400, Subpart U; see the MPCI Basic Provisions.

3.       Plaintiffs cannot establish that they are due the damages they are seeking, which are comprised of federal crop insurance policy indemnity payments for alleged crop losses in crop years 2012 through 2015. See the applicable MPCI Basic Provisions, and the federal crop insurance regulations at 7 C.F.R. Part 400 (which the provisions incorporate).

4.       The Carrol County, Illinois, Circuit Court did not have jurisdiction in Case No. 2012-LM-7 over, and did not decide, the issue of whether Lee H. Charles owed a debt to Farmers Crop or Great American, because the only matter before the court when it entered judgment was the Petition to Confirm an Award of Arbitrators filed in that case, which confirmation the court denied.

5.       Federal law preempts and bars Plaintiffs' claims, in whole or in part, to the

extent those claims are based upon state law. See 7 U.S.C. 1506(l) ("*State and local laws or rules shall not apply to contracts, agreements, or regulations of the Corporation or the parties thereto to the extent that such contracts, agreements, or regulations provide that such laws or rules shall not apply, or to the extent that such laws or rules are inconsistent with such contracts, agreements, or regulations.*"); the regulations found in 7 CFR Part 400, including but not limited to 7 CFR §400.176 and subparts P and X; and the applicable terms of the Common Crop Insurance Policy Basic Provisions mandated at 7 CFR §457.8.

6.      Plaintiffs' claims are barred because the state law grounds underlying them are preempted by Common Crop Insurance Policy Basic Provisions ¶31 ("*If the provisions of this policy conflict with statutes of the State or locality in which this policy is issued, the policy provisions will prevail. State and local laws and regulations in conflict with federal statutes, this policy, and the applicable regulations do not apply to this policy.*").

7.      Plaintiffs' claims are barred because the state law grounds underlying them are preempted by Common Crop Insurance Policy Basic Provisions ¶20(f) ("*In any mediation, arbitration, appeal, administrative review, reconsideration or judicial process, the terms of this policy, the Act, and the regulations published at 7 CFR chapter IV, including the provisions of 7 CFR part 400, subpart P, are binding. Conflicts between this policy and any state or local laws will be resolved in accordance with section 31.*").

8.      Common Crop Insurance Policy Basic Provision ¶14, Our Duties – 14(i) ("*We recognize and apply the loss adjustment procedures established or approved by [FCIC].*") bar Plaintiffs' claims to the extent that the procedures referenced therein prohibit or limit an indemnity payment.

10

9.      7 C.F.R. § 400.168(a) ("*The Company shall follow all applicable Corporation procedures in its administration of the crop insurance policies reinsured.*") bars Plaintiffs' claims to the extent that the procedures referenced therein prohibit or limit an indemnity payment.

10.      Plaintiffs' claims are barred in whole or in part by the federally-mandated procedures, including but not limited to those in the applicable Ineligible Tracking System Handbook, Loss Adjustment Manual, Corn Loss Adjustment Standards Handbook, and Soybean Loss Adjustment Standards Handbook, and other binding government bulletins, memoranda, and interpretations, all of which the USDA Risk Management Agency ("RMA") issues, and each of which is binding upon Claimant (see *Conrad v. Ace Prop. & Cas. Ins. Co.*, 532 F.3d 1000, 1006-07 (9th Cir. 2008)).

11.      The Ineligible Tracking System Handbook ("ITSH") bars Plaintiffs' claims to the extent Plaintiffs assert that they should not have been included on the ineligible list, including but not limited to any assertion based upon Lee Charles initiating arbitration to dispute the debt. See 2001 ITSH ¶7(A)(2)(a); 2008 ITSH ¶7(A)(1)(a); 2011 ITSH ¶7(A)(1)(a) ("*Binding arbitration that is not resolved before the termination date does not relieve the person of the requirement to pay the debt by the termination date and will not delay a person being certified to RMA, listed as ineligible, and issued a Notice of Ineligibility by RMA.*"). Also see ¶22(B) of the 2015 ITSH (seeking arbitration "*does not delay or preclude the: (1) effect of the AIP's determination of ineligibility; (2) AIP providing the person with all required notifications; (3) requirement the person pay the debt by the applicable date; (4) termination of the applicable crop insurance policies; (5) person being certified to RMA as ineligible; (6)*

11

*RMA from issuing a Notice of Ineligibility; or (7) person from being listed in ITS.*").

12.     Plaintiffs' claims are barred by their failure to join one or more indispensable parties, including (without limitation), (a) Farmers Crop Insurance Alliance, Inc., which is the insurer party to the underlying insurance contract, and which is the known principal for which Great American was acting as agent at all relevant times.

13.     Plaintiffs' claims are barred in whole or in part by Plaintiff Lee H. Charles' failure to mitigate his damages, including but not limited to his failure to take necessary action to remove himself from the crop insurance Ineligible Tracking System.

14.     Plaintiffs' claims are barred in whole or in part by Plaintiff Lee H. Charles' failure to mitigate his damages, including but not limited to his failure to take necessary action to prevent his inclusion on the crop insurance Ineligible Tracking System.

15.     Plaintiffs' claims in relation to crop years before 2015 are barred, to the extent they rely upon 7 C.F.R. §400.679 (cited in ¶7 of Plaintiffs' Amended Complaint) as amended pursuant to the Final Rule found at 79 Fed. Reg. 2075, 2079, because the amendments therein only apply to Federal crop insurance policies "*for the 2015 and succeeding crop years for all crops with a contract change date after February 12, 2014.*" 79 Fed. Reg. 2075 (Jan. 13, 2014) (amending 7 C.F.R. § 400.679).

16.     Plaintiffs' claims in relation to crop years before 2015 are barred, to the extent they rely upon 7 C.F.R. §400.685 (cited in ¶26 of Plaintiffs' Amended Complaint), which was promulgated pursuant to the Final Rule found at 79 Fed. Reg. 2075, 2079, because that Final Rule only applies to Federal crop insurance policies "*for the 2015 and succeeding crop years for all crops with a contract change date after February 12, 2014.*" 79 Fed. Reg. 2075 (Jan.

12

13, 2014) (revising General Administrative Regulations).

17.     The Amended Complaint is uncertain, vague, and ambiguous in that it does not identify the policy terms which are applicable to the particular crop year(s) and policy or policies under which Plaintiffs assert they are entitled to benefits.

18.     Plaintiffs' claims are barred by 7 C. F. R. § 400.680(e) (2012 Ed.) because he failed to appeal his crop insurance ineligibility determination to the National Appeals Division ("*Within 30 days of receiving the Notice of Ineligibility, any person receiving such a notice may appeal the determination of ineligibility to the National Appeals Division in accordance with 7 CFR part 11.*").

19.     7 C. F. R. § 400.681 (2012 Ed.) ("Effect of ineligibility") bars Plaintiffs' claims to the extent that he is asserting benefits for Crop Years in which he was ineligible ("*(a) The period of ineligibility will be effective: (1) For ineligibility as a result of a delinquent debt, the date the debt has been determined to be delinquent until the debt has been paid in full, discharged in bankruptcy, or the person has executed a scheduled installment payment agreement; ... (b) Once the person has been determined to be ineligible: (1) All policies in which the ineligible person is the sole insured will be void for the period specified in § 400.681(a)*").

20.     7 C. F. R. § 400.682 ("Criteria for reinstatement of eligibility") (2012 Ed.), subparagraph (a) bars Plaintiffs' claims because Charles did not pay the debt in full or execute an installment payment agreement, nor was it discharged in bankruptcy ("*A person who has been determined ineligible may have eligibility reinstated as follows: (a) A delinquent debt owed on a crop insurance policy insured or reinsured by FCIC or any delinquent debt due*"

*FCIC. Eligibility may be reinstated after the debt is paid in full or discharged in bankruptcy, or the person has executed a scheduled installment payment agreement accepted by FCIC or the insurance provider. Eligibility may be reinstated as of the date the debt is paid, the date the agreement is accepted, or the date the debt is discharged in bankruptcy.*").

21.     7 C. F. R. § 400.682 ("Criteria for reinstatement of eligibility") (2012 Ed.), subparagraph (d) bars Plaintiffs' claims because he did not appeal the determination of ineligibility to the National Appeals Division ("*Timing of reinstatement of eligibility. After eligibility has been reinstated, the person must complete a new application for crop insurance coverage on or before the applicable sales closing date. If the date of reinstatement of eligibility occurs after the applicable sales closing date for the crop year, the person may not participate until the following crop year. If the National Appeals Division determines that the person should not have been placed on the Ineligible Tracking System, reinstatement will be effective at the beginning of the crop year for which the producer was listed on the Ineligible Tracking System and the person will be entitled to all applicable benefits under the policy.*").

22.     7 C. F. R. § 400.685 ("Criteria for regaining eligibility"), subparagraph (b) (2015 Ed.) bars Plaintiffs' claims because no determination was made regarding his eligibility ("*If a person who was determined ineligible according to this subpart is subsequently determined to be an eligible person for crop insurance through reinstatement, mediation, arbitration, appeal, or judicial review, such person's policies will be reinstated effective at the beginning of the crop year for which the producer was determined ineligible, and such person will be entitled to all applicable benefits under such policies, provided the person meets all eligibility requirements and complies with the terms of the policy.*").

14

23.     The Preamble to the Common Crop Insurance Policy Basic Provisions ("*Throughout this policy, 'you' and 'your' refer to the named insured shown on the accepted application and 'we,' 'us,' and 'our' refer to the insurance company providing insurance.*") bar Plaintiffs' claims to the extent that Plaintiffs have attempted to assert claims against Great American based upon a policy that Farmers Crop issued to Plaintiff Lee H. Charles, since Farmers Crop was Plaintiff Lee H. Charles' insurance provider for Crop Year 2005, not Great American or NAU.

24.     Plaintiffs' claims for any benefit under a federal crop insurance policy are barred, in whole or in part, to the extent that Plaintiff Lee H. Charles failed to comply with any of his duties and related deadlines under such policy, including by his failures to report his planted acreage and harvested production each year, his failures to apply for coverage, his failures to submit notices of loss and claims for indemnity, and by the consequences that the policy terms provide for such failures.  See the MPCI Basic Provisions.

25.     Plaintiffs' claims are barred, in whole or in part, by the non-waiver provisions found in the preamble to the Common Crop Insurance Policy Basic Provisions ("*The provisions of the policy may not be waived or varied in any way by us, our insurance agent or any other contractor or employee of ours or any employee of USDA unless the policy specifically authorizes a waiver or modification by written agreement.*").

26.     The Federal Crop Insurance Act and related statutes and regulations, including but not limited to the provisions of 7 U.S.C. §1506(l) and 7 USC §1508; the regulations found in 7 CFR Part 400, including but not limited to §400.176 and §400.351-52; and the applicable terms of the Common Crop Insurance Policy Basic Provisions, published in various forms over

the years as federal regulations at 7 CFR § 457.8 (2005-2015 ed.), and the Coarse Grains Crop

Provisions, published at 7 CFR § 457.113 (2005-2010 ed.), preempt Plaintiffs' claims in whole

or in part.

27.     Plaintiffs' claims are barred by Plaintiffs' failure, after Lee H. Charles' crop

insurance eligibility was restored, to submit an application to a federal crop insurance

provider before the applicable federally-mandated sales closing date. (See Common Crop

Insurance Policy Basic Provisions ¶2(f)(4) at 7 C.F.R. §457.8 (2012 Ed.) which provides:

"*After you become eligible for crop insurance, if you want to obtain coverage for your crops,*

*you must submit a new application on or before the sales closing date for the crop (Since*

*applications for crop insurance cannot be accepted after the sales closing date, if you make*

*any payment after the sales closing date, you cannot apply for insurance until the next crop*

*year*").)

28.     Plaintiffs' claims are barred by the applicable statute of limitations found at 7

U.S.C. §1508(j)(2)(B), requiring that suit be brought not later than one year after the date on

which final notice of denial of a claim is provided to the claimant.

29.     The Common Crop Insurance Policy Basic Provisions ¶20(b)(2) bar Plaintiffs'

claims because Plaintiff Lee H. Charles failed to initiate and complete arbitration after the initial

arbitration award favoring Great American was denied confirmation but not reversed, thereby

leaving Great American's original determinations unaltered ("*If you fail to initiate arbitration in*

*accordance with section 20(b)(1) and complete the process, you will not be able to resolve the*

*dispute through judicial review.*

30.     Plaintiffs' claims for any damages beyond whatever indemnity would be due

16

under a valid policy are barred by Common Crop Insurance Policy Basic Provisions ¶20(h) ("*Except as provided in section 20(i), no award or settlement in mediation, arbitration, appeal, administrative review or reconsideration process or judicial review can exceed the amount of liability established or which should have been established under the policy, except for interest awarded in accordance with section 26.*").

31.     Plaintiffs' claims for compensatory damages, expenses, or other damages are barred by Common Crop Insurance Policy Basic Provisions ¶20(i), because Plaintiffs have failed to obtain a determination from FCIC that they are entitled to seek them ("*In a judicial review only, you may recover attorneys fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled.*").

32.     To the extent that Plaintiffs assert that their damages or monetary loss should be determined based upon the indemnity that would have been due, NAU is entitled to offset the premium that would have been due to it for the acreage in dispute pursuant to Common Crop Insurance Policy Basic Provisions ¶7(b) ("*Premium or administrative fees owed by you will be offset from an indemnity or prevented planting payment due you in accordance with section 2(e)*").

33.     7 CFR § 457.7 bars plaintiffs' claims ("…*No indemnity shall be paid unless the insured complies with all terms and conditions of the contract.*") because Plaintiffs have not complied with all insurance provisions applicable to corn and soybean crops for each

17

policy year for which they now claim to be entitled to coverage and an indemnity.

34.     Plaintiffs' claims are barred to the extent that Plaintiff Corine A. Charles did not have a contractual relationship with Great American, Farmers Crop Insurance Alliance, Inc., or NAU, and as a result has no reasonable expectancy of a valid business relationship with said federal crop insurers.

35.     The "Application and the Policy" requirement at 7 CFR 457.8(a) (2012 ed.) bars Plaintiff Corine A. Charles' claims to the extent that she was not the named insured on Plaintiff Lee H. Charles 2005 Farmers Crop policy ("*(a) Application for insurance on a form prescribed by the Corporation, or approved by the Corporation, must be made by any person who wishes to participate in the program, to cover such person's share in the insured crop as landlord, owner-operator, crop ownership interest, or tenant. No other person's interest in the crop may be insured under an application unless that person's interest is clearly shown on the application and unless that other person's interest is insured in accordance with the procedures of the Corporation. …*").

36.     The "Share Insured" provisions at ¶10 of the MPCI Basic Provisions ("*(a) Insurance will attach: (1) Only if the person completing the application has a share in the insured crop; and (2) Only to that person's share, except that insurance may attach to another person's share of the insured crop if the other person has a share of the crop and: (i) The application clearly states the insurance is requested for a person other than an individual (e.g., a partnership or a joint venture); or … (b) With respect to your share: (1) We will consider to be included in your share under your policy, any acreage or interest reported by or for: (i) Your spouse, unless such spouse can prove he/she has a separate farming operation, …*") bar

18

Plaintiff Corine A. Charles' claims to the extent that the she owned no share in the crops at issue.

37.     The Preamble to the provisions at 7 C.F.R. § 457.8 (2011 ed.) (MPCI Basic Provisions) ("*Throughout this policy, "you" and "your" refer to the named insured shown on the accepted application and "we," "us," and "our" refer to the insurance company providing insurance."*) bars Plaintiff Corine A. Charles' claims to the extent that she asserts she is due claim benefits under policies issued to Plaintiff Lee H. Charles.

38.     Plaintiff Corine H. Charles' claims are barred to the extent that she has no insurable interest in the crop for which federal crop insurance policy benefits are sought as damages.

39.     Plaintiffs' claim is barred by Plaintiffs' failure to satisfy conditions precedent to coverage.

40.     Plaintiffs' damages, if any, were caused in whole or in part by their own actions or inactions.

41.     Plaintiffs' claims are barred by the equitable doctrine of laches due to their unreasonable delay in asserting that they should be eligible for a federal crop insurance policy.

42.     NAU also reserves the right to add additional objections and defenses, or to amend its Answer, as the proof develops through additional investigation and discovery.

19

Respectfully submitted,

/s/ *Christopher D. Cathey*
Christopher D. Cathey
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4214
Fax: (513) 421-0991
E-mail: ccathey@porterwright.com
*Counsel for Defendant NAU Country Insurance
Company*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| LEE H. CHARLES and CORINE A. CHARLES, | ) | Case No. 1:17cv03622 |
| | ) | |
| Plaintiffs, | ) | Judge Frederick J. Kapala |
| | ) | |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, and NAU COUNTRY INSURANCE COMPANY, a division of QBE Insurance Group, Ltd., an Australian corporation, | ) ) ) ) ) | **DEFENDANT NAU COUNTRY INSURANCE COMPANY'S CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANT GREAT AMERICAN INSURANCE COMPANY** |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant, NAU Country Insurance Company ("NAU"), and hereby submits its Cross-Claim for Contribution against Defendant Great American Insurance Company ("Great American") as follows:

1. NAU is a leading crop insurance company in the United States. NAU is licensed in 47 states, including Illinois.

2. Great American is an insurance company engaged in insuring multiple lines of coverage, including crop insurance.

3. Plaintiffs Lee H. Charles and Corine A. Charles ("Plaintiffs") have filed an Amended Complaint against NAU and Great American [Doc. 37] (the "Complaint") in this action arising from Great American submitting Plaintiffs to the Risk Management Agency's ("RMA") Ineligible Tracking System (the "ITS") on or about January 21, 2011.

21

4.     Plaintiffs allege that because Great American submitted them to the ITS, they were improperly denied insurance for their crops for crop years 2012-2015.  Consequently, Plaintiffs allege that they are retroactively entitled to receive insurance indemnity coverage in the amount of $439,525.40 for crop years 2012-2015.

5.     Plaintiffs have asserted a claim against NAU for a permanent injunction alleging that, "[n]ow that plaintiffs are reinstated as to eligibility, which reinstatement is retroactive to the date of ineligibility, (7 CFR 400-685(b)), their application for the years of ineligibility should be processed, and plaintiffs should be allowed to file claims accordingly."  Plaintiffs allege that "NAU should be ordered to act on plaintiffs' applications for prior crop years to issue the policies, and to adjust and pay claims filed by plaintiffs."

6.     NAU disputes and denies that Plaintiffs are entitled to any relief from NAU whatsoever.  However, in the event that the Court issues a permanent injunction against NAU to issue crop insurance policies to Plaintiffs and to adjust and pay Plaintiffs' claims for crop insurance for the crop years 2012-2015, then NAU is entitled to contribution from Great American for all sums that NAU pays to Plaintiffs for crop years 2012-2015.

WHEREFORE, NAU requests judgment against Great American for contribution for all sums that NAU is ordered to pay Plaintiffs for losses related to crop years 2012-2015, together with reasonable attorneys' fees, costs, and all other relief this Court deems just and proper.

Respectfully submitted,

/s/ *Christopher D. Cathey*
Christopher D. Cathey
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4214
Fax: (513) 421-0991
E-mail: ccathey@porterwright.com
*Counsel for Defendant NAU Country Insurance
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2018, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Christopher D. Cathey*
Christopher D. Cathey

23

DMS/11136773v.1